# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SEAN E. THOMPSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:10CV1571 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. In his pro se motion, movant challenges the career-offender enhancement under the United States Sentencing Guidelines in light of amendments to the Guidelines, as well as the recent Supreme Court cases of Begay v. United States, 553 U.S. 137 (2008) and Johnson v. United States, 130 S.Ct. 1265 (2010).

### **Procedural History**

In 1998 movant pleaded guilty to being a felon in possession of a firearm, being a felon in possession of ammunition, possession of heroin, and possession of marijuana. See United States v. Thompson, No. 4:97CR241 (CDP). On April 24 1998, he was sentenced to fifteen (15) years imprisonment under the Armed Career Criminal Act ("ACCA"), which was the mandatory minimum sentence on

the felon in possession charge, because his prior convictions qualified him for an enhanced sentence under 18 U.S.C. § 924(e). Thompson did not appeal his conviction. In fact, he waived the right to do so in his plea agreement. The three prior felonies that qualified as crimes of violence and so brought his case within § 924(e) were: (1) a 1983 conviction for attempted burglary, first degree; (2) a 1984 conviction for murder, second degree; and (3) a 1992 conviction for offering violence by an inmate.

In 2005, after the release of the Supreme Court case, Shepard v. United States[1], 125 S.Ct. 1254 (2005), movant filed a motion to vacate, pursuant to § 2255, alleging that his 1992 conviction for offering violence should not have been used to enhance his sentence. See Thompson v. United States, 4:05CV1320 CDP. Although movant's motion to vacate was filed more than seven years after his conviction, he argued that the motion was timely under 28 U.S.C. § 2255(f)(3),

---

[1]In Shepard, the Supreme Court held that a court could not look to police reports or other underlying documents to determine whether a prior conviction was a crime of violence under § 924(e). This decision was a refinement of Taylor v. United States, 495 U.S. 601 (1990), which held that the court should not look to the underlying facts of a prior criminal conviction to determine if it was a crime of violence, but instead should only look to the statutory definitions of a crime and to the charging documents and jury instructions. Shepard clarified this rule to state that where a prior conviction was based on a guilty plea, the court should also look to other judicial records such as a plea agreement or transcript of the guilty plea to determine if the defendant admitted conduct that would constitute a crime of violence.

which provides that the statute of limitation period runs from "the date on which the right asserted has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review."

Thus, movant argued that Shepard announced a new rule which was retroactively applicable to his § 2255. Dealing exclusively with the issue of timeliness, the Court dismissed movant's motion to vacate, declining to recognize that Shepard was retroactively applicable. The Court also decided that even if Shepard was considered to be retroactively applicable, movant would have been forestalled from relying on Shepard because he essentially admitted that his 1992 conviction was for a crime of violence by not objecting to the presentence report. See, e.g., United States v. Chauncey, 420 F.3d 864, 878 (8th Cir. 2005) (defendant who failed to object to presentence report cannot raise Shepard claim).

## Discussion

In support of the instant motion to vacate, movant argues that pursuant to the analysis set forth in Johnson, his 1992 conviction should not have been used to enhance his sentence under § 924(e).

As an initial matter, the Court questions whether movant's motion is barred by the "second or successive" limitations in § 2255. As noted above, movant's previous motion to vacate was dismissed on timeliness grounds. Although the

Court has not been able to find an Eighth Circuit case on point, it appears that several of the Circuit Courts consider a second motion to vacate successive if the initial petition was dismissed as untimely. See, e.g., McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a first habeas petition for untimeliness presents a "permanent and incurable" bar to federal review of the underlying claims because a petitioner will never be able to overcome the statute of limitations bar); Villanueva v. United States, 346 F.3d 55, 60 (2d Cir. 2003); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003); In re Cook, 215 F.3d 606, 608 (6th Cir. 2000); but see, Slack v. McDaniel, 529 U.S. 473 (2000) (finding that a second petition is not second or successive when the first petition was dismissed for a failure to exhaust); see also, Gonzalez v. Crosby, 545 U.S. 524, 528 (2005) (holding that a "Rule 60(b) motion [that] challenges only [a] District Court's previous ruling on the AEDPA statute of limitations .... is not the equivalent of a successive habeas petition."). The Circuit Courts that apply this general rule, however, have not addressed the instance the Court now has before it, as the Court's prior ruling on timeliness may very well not apply if Johnson is considered retroactively applicable to movant's case.

In Johnson, the Supreme Court held that a Florida battery statute that criminalizes the mere touching of another person is not within the catch-all

definition of "violent felony" in the ACCA, which requires, as an element, "the use, attempted use, or threatened use of physical force." Johnson, 130 S.Ct. at 1269-74. Similarly, in Begay, the Supreme Court held that driving under the influence of alcohol is not a violent felony for purposes of the ACCA. Begay, 553 at 148.

The Eighth Circuit addressed the retroactivity of Begay on collateral review in Sun Bear v. United States, 611 F.3d 925 (8th Cir. 2010), finding that the rule in Begay was, indeed, retroactively applicable on collateral review. However, this opinion has recently been vacated and is set for rehearing en banc on January 10, 2011. Recently, the Eleventh Circuit has also found Begay to be retroactively applicable on collateral review. Gilbert v. United States, 609 F.3d 1154, 1165 (11th Cir. 2010). And at least one district court within the Eleventh Circuit has relied on the reasoning espoused in Gilbert to find Johnson to be retroactively applicable as well. See, e.g., Gaines v. United States, 2010 WL 3937378 (M.D. Fla. October 6, 2010).

Given the aforementioned, it appears that the matter of whether movant's motion is barred as "second or successive," as well as the arguments espoused by movant for retroactivity should be fully briefed. Accordingly, the Court will require the United States Attorney to respond to movant's motion, as well as

appoint the Office of the Federal Public Defender to represent movant and file a response brief on his behalf.

The Court wishes to see briefing on the following issues: (1) Is movant's motion to vacate barred by the "second or successive" standard given that his first motion to vacate was dismissed as untimely?; (2) Is <u>Johnson</u> retroactively applicable on collateral review?; (3) If <u>Johnson</u> is retroactively applicable, did movant file his motion to vacate within the statute of limitations?; (4) If movant's motion is indeed timely, did he in fact waive his argument by failing to object to the presentence investigation report or through the waiver outlined in his plea agreement?; and (5) Was movant's 1992 conviction, in fact, a "crime of violence" such that he was appropriately sentenced under the ACCA, in light of recent Supreme Court precedent?

Accordingly,

**IT IS HEREBY ORDERED** that the Office of the United States Public Defender is appointed to represent movant for the purposes of his § 2255 motion.

**IT IS FURTHER ORDERED** that respondent shall show cause in writing, as detailed above, and within forty-five (45) days of the date of this Order why movant's motion to vacate should not be granted.

**IT IS FURTHER ORDERED** that the Office of the Public Defender shall file a response brief, within twenty (20) days of the date of respondent's motion.

Dated this 1st day of November, 2010.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE