UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SEAN E. THOMPSON, | ) |
| Movant, | ) |
| vs. | ) Case No. 4:10CV1571 CDP |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Movant Sean E. Thompson brings this case under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. Because I conclude that his motion is barred by the "second or successive" limitations in § 2255, I will dismiss it.

## I.    Background

In 1998, Thompson pled guilty to being a felon in possession of a firearm, being a felon in possession of ammunition, possession of heroin, and possession of marijuana. *See United States v. Thompson*, Criminal Case No. 4:97CR241 CDP. On April 24, 1998, he was sentenced to 15 years imprisonment under the Armed Career Criminal Act (ACCA). This sentence was the mandatory minimum sentence on the felon in possession charge because his prior convictions qualified him for an enhanced sentence under 18 U.S.C. § 924(e). His three prior felonies that were classified as crimes of violence under § 924(e) were: (1) a 1983 conviction for first-degree attempted burglary; (2) a 1984 conviction for second-

degree murder; and (3) a 1992 conviction for offering violence by an inmate.[1] Thompson did not directly appeal his conviction.

In 2005, Thompson sought relief under 28 U.S.C. § 2255, based on the Supreme Court's holding in *Shepard v. United States*, 544 U.S. 13 (2005), which held that a court could not look to police reports or other underlying documents to determine whether a prior conviction was a crime of violence under 18 U.S.C. § 924(e). Case No. 4:05CV1320 CDP. Specifically, he argued that his conviction for offering violence by an inmate did not constitute a violent felony. Though his motion to vacate was filed more than seven years after his conviction, he argued that the motion was timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year from "the date on which the right asserted has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review."

I dismissed Thompson's motion to vacate, declining to recognize that *Shepard* was retroactively applicable. I also decided that even if *Shepard* was considered to be retroactively applicable, Thompson would have been precluded from relying on its holding because he admitted that his conviction constituted a crime of violence by his failure to object to the presentence report. *See United*

---

[1] At the time of his conviction, the statute read as follows: "No offender shall commit or offer to commit violence to an employee of the department or to another offender housed in a department correctional facility, or attempt to do injury to any building or other property." Mo. Rev. Stat. § 217.385.

*States v. Chauncey*, 420 F.3d 864, 878 (8th Cir. 2005) (holding that a defendant who fails to object to a presentence report cannot raise a *Shepard* claim). I declined to issue a certificate of appealability. Thompson then filed an application for a certificate of appealability with the Eighth Circuit, which was denied on December 30, 2005. *Thompson v. United States*, No. 05-4267 (8th Cir. Dec. 30, 2005).

In September 2008, Thompson filed an application for permission to file a second or successive habeas petition with the Eighth Circuit Court of Appeals. He argued that, based on the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008), I erred in classifying his 1992 conviction for offering violence by an inmate as a violent felony. On January 9, 2009, the Eighth Circuit denied this request. *Thompson v. United States*, No. 08-2999 (8th Cir. Jan. 9, 2009).

This case is now before the court on a new motion by Thompson under 28 U.S.C. § 2255. Based on the Supreme Court's holding in *Johnson v. United States*, 130 S.Ct. 1265 (2010), Thompson asserts the same argument: that I incorrectly classified his conviction for offering violence by an inmate as a violent felony. Additionally, while the parties' motions on the § 2255 motion were pending, Thompson filed a pro se motion requesting a hearing on the effectiveness of the lawyer I appointed to represent him on this motion and on the merits of his claim.

## II.   Discussion

A "second or successive" under 28 U.S.C. § 2255(h) is one that challenges an underlying criminal conviction and sentence on "grounds identical to grounds heard and decided on the merits in a previous petition." *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992).  A district court must dismiss a claim presented in a "second or successive" motion that was not asserted in a prior application unless "the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2244(b)(2)(A).  Before raising the new claim, however, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  A district court therefore lacks jurisdiction over a "second or successive" § 2255 motion absent such certification from the court of appeals.

In this case, the government asserts that both the initial § 2255 motion and the one currently before this court raise the same grounds.  I agree.  In both motions, Thompson argues that I erred in classifying his 1992 conviction for offering violence by an inmate as a violent felony for purposes of the ACCA, relying on *Shepard* for the first motion and *Johnson* for this motion.  Therefore, the requirement of "second or successive" motions that the second claim raise "grounds identical" to those in the initial petition is satisfied in this case.

The government also contends that I decided the issue on the merits when I dismissed the previous petition as time barred. Although unpublished, opinions by the Eighth Circuit Court of Appeals and by other district courts in this circuit that have addressed the issue uniformly hold that a motion dismissed as untimely is a decision on the merits. *See Diaz-Diaz v. United States*, 297 F. App'x 574, 575 (8th Cir. Oct. 29, 2008); *Young v. Norman*, No. 4:10CV2186 (DDN), 2010 WL 5184886, at *1 (E.D. Mo. Dec. 15, 2010); *Hazelett v. United States*, No. 4:10CV2214 (JCH), 2010 WL 5184888, at *1 (E.D. Mo. Dec. 15, 2010). Similarly, several other courts of appeals have held that a dismissal on statute of limitations grounds constitutes a decision on the merits. *See McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009); *Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003); *Harvey v. Horan*, 278 F.3d 370, 380 (4th Cir. 2002).

Unlike other dismissals based on procedural grounds, such as a failure to exhaust or a premature filing, "a time-bar cannot be corrected," so "the dismissal of a § 2255 petition as untimely . . . presents a 'permanent and incurable' bar to federal review of the merits of the claim." *Villanueva*, 346 F.3d at 61. The critical difference is that a dismissal for untimeliness "prevent[s] federal habeas review at a later date." *Harvey*, 278 F.3d at 380. Therefore, I conclude that my dismissal of Thompson's earlier motion as untimely qualifies as a decision on the merits.

Thompson argues that even if the prior dismissal was on the merits – as I have determined above – he should not be precluded from filing this motion because the prior dismissal was improper. As the basis for this argument, he claims that I erred in dismissing his first § 2255 motion because it was improper to rely on facts in the presentence report to determine that his conviction for offering violence by an inmate was a violent felony. *See United States v. Williams*, 627 F.3d 324, 328-29 (8th Cir. 2010). However, Thompson could have made this same objection on direct appeal or in his original § 2255 motion, and he failed to do so. "The failure to raise an issue on direct appeal acts to bar a petitioner from raising that issue for the first time in a § 2255 motion . . . ." *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997). Furthermore, petitioners "should include all reasonably available claims and grounds for relief in their first habeas petition," *Rehbein v. Clarke*, 94 F.3d 478, 483 (8th Cir. 1996), and a second or successive motion may be dismissed if "the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ." R. Governing Habeas Corpus Cases 9(b). Thompson's attempt to raise a new argument at this stage of the litigation in an attempt to circumvent the restrictions on "second or successive" § 2255 motions is an abuse of the writ. Therefore, his argument is without merit.

Thompson's final argument is that even though I determined that this is a second or successive § 2255 motion, I can instead construe it as a petition for writ of habeas corpus under 28 U.S.C. § 2241. "A challenge to a federal conviction . . . is most appropriately brought as a motion under 28 U.S.C. § 2255." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). "A writ of habeas corpus on behalf of a petitioner may issue under 28 U.S.C. § 2241 only if it 'appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.'" *Id.* (citing 28 U.S.C. § 2255). The Eighth Circuit has specifically held that "the §2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied, . . . or because petitioner has been denied permission to file a second or successive § 2255 petition, . . . or because a second or successive § 2255 motion has been dismissed . . . ." *Id.* (citations omitted).

Because Thompson's current motion rests on "grounds identical to grounds heard and decided on the merits in [his] previous motion," it constitutes a "second or successive" § 2255 motion. 28 U.S.C. § 2255(h); *Sawyer*, 505 U.S. at 338. As such, this Court has no jurisdiction to consider his motion absent an appropriate certification from the Eighth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Accordingly, Thompson's petition seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is dismissed.

## III.    Pending Motion for a Hearing on the Effectiveness of Counsel

Thompson has also filed a motion requesting a hearing on the effectiveness of the counsel appointed to represent him on this motion and on the merits of his claim.  There is no constitutional right to counsel in post-conviction habeas proceedings.  *Abdullah v. Hedrick*, 392 F.3d 957, 964 (8th Cir. 2004).  "Where there is no constitutional right to counsel there can be no right to effective assistance of counsel."  *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010) (quoting *Pollard v. Delo*, 28 F.3d 887, 888 (8th Cir. 1994)).  For this reason, a hearing on the effectiveness of his counsel is not warranted.

Even if Thompson had a constitutional right to counsel, his claim that his appointed counsel has been ineffective is without merit.  According to documents filed with the court and provided by Thompson himself, his counsel has filed appropriate reply briefs, has been responsive to all of Thompson's communications, and has forwarded Thompson all of the materials he has requested.  Because Thompson has not raised any issues that indicate that his attorneys have not provided him with adequate representation, a hearing on this matter is not warranted.

## IV.    Certificate of Appealability

Though I must dismiss Thompson's motion as a "second or successive" § 2255 motion, I will issue a certificate of appealability.  Thompson has made a

substantial showing of the denial of a federal right based on the issue of whether dismissal of a § 2255 motion based on timeliness is a decision on the merits. The only Eighth Circuit case even briefly addressing this matter is unreported, and actually appears to consider the merits, although it stated that "[s]uch a denial is usually considered to be made on the merits." *Diaz-Diaz v. United States*, 297 F. App'x 574 (8th Cir. 2008).

Accordingly,

**IT IS HEREBY ORDERED** that Sean Thompson's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [#1] is dismissed.

**IT IS FURTHER ORDERED** that Sean Thompson's motion for a hearing on the effectiveness of counsel and the merits of his claim [#17] is denied.

**IT IS FURTHER ORDERED** that the Court will issue a certificate of appealability, as Thompson has made a substantial showing of the denial of a federal constitutional right regarding whether a dismissal based on timeliness constitutes a decision on the merits for purposes of 28 U.S.C. § 2255(h).

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of December, 2011.